## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ECLIPSE IP LLC,** | |
| **Plaintiff,** | **CASE NO. 2:15-cv-8** |
| v. | **PATENT CASE** |
| **SKYE ASSOCIATES, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

For its Complaint, Plaintiff Eclipse IP LLC ("Eclipse"), by and through the undersigned counsel, complains of Defendant Skye Associates, LLC ("Defendant") as follows:

## NATURE OF LAWSUIT

1.      This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2.      Eclipse is a Florida limited liability company with a place of business located at 711 SW 24th St., Boynton Beach, FL 33435.

3.      Defendant is a Maryland limited liability company with, upon information and belief, a principal place of business at 7250 Woodmont Avenue, Bethesda, MD 20814.  Upon information and belief, Defendant owns and operates www.pinkmascara.com.

## JURISDICTION AND VENUE

4.      Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts substantial business in this Judicial District, directly or through intermediaries, (ii) at least a portion of the infringements alleged herein occurred in this Judicial District; and (iii) Defendant regularly does or solicits business, engages in other persistent courses of conduct and/or derives substantial revenue from goods and services provided to

individuals in this Judicial District.

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

## THE PATENT-IN-SUIT

6.      On January 25, 2011, U.S. Patent and Trademark Office duly and lawfully issued United States Patent No. 7,876,239 (the "'239 patent") entitled "Secure Notification Messaging Systems and Methods Using Authentication Indicia."  A true and correct copy of the '239 patent is attached hereto as Exhibit A.

7.      The '239 patent is valid and enforceable.

8.      Eclipse is the assignee and owner of the right, title and interest in and to the '239 patent ("the Patent-In-Suit"), including the right to assert all causes of action arising under said patents and the right to any remedies for infringements thereof.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,876,239

9.      Eclipse repeats and realleges the allegations of paragraphs 1 through 8 as if fully set forth herein.

10.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Eclipse is informed and believes, and thereupon alleges, that Defendant has infringed and continues to infringe one or more claims of the '239 patent in this District, literally and/or under the doctrine of equivalents.

11.     On information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '239 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling computer-based notification systems and methods to, for example: enable a customer to provide or select authentication information; store the authentication information; monitor travel data in connection with orders placed via Defendant's website, initiate notifications to the customer, and provide the stored authentication information.

12.     On information and belief, Defendant has had knowledge of the '239 patent at least as early as the date that it received a July 1, 2014 licensing letter from Eclipse which

specifically identified the '239 patent and provided factual allegations regarding Defendant's infringement thereof.

13.     On information and belief, Defendant has not changed or modified its infringing behavior since the date it received Eclipse's July 1, 2014 letter.

14.     Defendant's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

## JURY DEMAND

Eclipse hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Eclipse requests that this Court enter judgment against Defendant as follows:

A.     An adjudication that Defendant has infringed the Patent-In-Suit;

B.     An award of damages to be paid by Defendant adequate to compensate Eclipse for Defendant's past infringement of the Patent-In-Suit and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for Defendant's willful infringement, and reasonable attorneys' fees and costs; and

D.     Such other and further relief as this Court or a jury may deem proper and just.


Dated: January 5, 2015                              Respectfully submitted,


                                                     _/s/ Craig Tadlock_____
                                                    Craig Tadlock
                                                    State Bar No. 00791766

3

Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
keith@tadlocklawfirm.com

Matt Olavi
Brian Dunne
**OLAVI DUNNE LLP**
800 Wilshire Blvd., Suite 320
Los Angeles, CA 90017
213-516-7900
molavi@olavidunne.com
bdunne@olavidunne.com

*Attorneys for Plaintiff Eclipse IP LLC*